In re Musheer C. ROBINSON and Stacey R. Robinson, Debtors.

Leslie A. DAVIS, Trustee, Plaintiff,

v.

Musheer C. ROBINSON and Stacey R. Robinson, Defendants.

Bankruptcy No. 92–42936–399.

Adv. No. 92–4494–399.

United States Bankruptcy Court, E.D. Missouri, E.D.

April 16, 1993.

Scott Greenberg, St. Louis, MO, for Trustee.

Christi S. Fingal, St. Louis, MO, for defendants.

Office of the United States Trustee, St. Louis, MO.

## *MEMORANDUM OPINION AND ORDER*

BARRY S. SCHERMER, Chief Judge.

### *INTRODUCTION*

The parties to this case ask whether Chapter 7 debtors may exempt some or all of their interest in an anticipated federal income tax refund. The Debtors' tax refund was in the possession of the Internal Revenue Service on the date of filing and Debtors assert that pursuant to Mo.Rev. Stat. § 513.427 (Supp.1992) the refund was exempt from attachment or execution as property exempt from attachment under federal law.

### *JURISDICTION*

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(E) and 28 U.S.C. § 157(b)(2)(J).

### *FACTS*

Musheer C. Robinson and Stacey R. Robinson ("Debtors") filed a joint petition for relief under Chapter 7 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 et seq. (1989) (the "Code") on April 23, 1992. At the time of filing, the Internal Revenue Service ("IRS") had in its possession approximately $12,000.00 in excess income tax to be refunded to Debtors. Debtors disclosed the existence of the anticipated refund at their § 341 meeting, and Leslie A. Davis, the

Chapter 7 Trustee (the "Trustee"), immediately demanded turnover of the refund. Thereafter, Debtors filed an Amended Schedule C (Property Claimed as Exempt), claiming their interest in the refund exempt pursuant to Mo.Rev.Stat. § 513.427. Sometime in August 1992, the IRS paid the Debtors the $12,000.00 tax refund. Lacking other sources of income, and on the advice of counsel, Debtors expended the refund on post-petition living expenses. The Trustee objected to the claimed exemption and filed the instant adversary complaint, seeking turnover of the tax refund and denial of discharge for failure of Debtors to turnover the refund when previously demanded.

Debtors responded to the Trustee's complaint, asserting that their tax refund is exempt under Missouri's "opt out" statute (Mo.Rev.Stat. § 513.427) as property which is "exempt from attachment and execution under ... federal law." Debtors contend their interest is exempt under federal law because, at the time of filing, the refund was in the possession of the IRS and as such was exempt from attachment by (1) sovereign immunity and (2) statutory restrictions on the attachment of tax refunds in the hands of the government. The Trustee contends that sovereign immunity does not shield Debtors' interest because, in at least certain instances, the government has consented to the garnishment of tax refunds held in its possession. Conversely, the Trustee asserts that Debtors' interest is not exempt because Debtors' interest in the refund is assignable and therefore is property which may be attached or executed upon.[1]

### *DISCUSSION*

Under § 541(a)(1) of the Code, all legal and equitable interests of the debtor in property as of the commencement of the case become property of the debtor's bankruptcy estate. *In re Graham* 726 F.2d 1268, 1271 (8th Cir.1984). With respect to

---

**1.** Trustee also seeks compensation from the Debtors for legal time expended in pursuing the tax refund based upon Trustee's reliance on Debtors' original schedule of exemptions which

failed to claim an exemption for the refund. The Court declines Trustee's invitation to order Debtors to pay Trustee's compensation at this time.

tax refunds, the Eighth Circuit has specifically held that a debtor's interest in a tax refund is property of the debtor's bankruptcy estate and is not exempt as "earnings" under Missouri's garnishment statute. *In re Wallerstedt,* 930 F.2d 630 (8th Cir.1991), (relying on the Supreme Court's decision in *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)) where the Court held that a tax refund was "property" under § 70a(5) of the Bankruptcy Act and not subject to exemption as "earnings" under the Consumer Creditor Protection Act's limitation on garnishment.[2]

Having determined that the Debtors' interest in their tax refund is property of the estate, the Court turns its attention to whether the Debtors' interest in the refund is exempt property pursuant to Rev.Stat. Mo. § 513.427, Missouri's "opt-out" provision, which states:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate *any property that is exempt from attachment and execution* under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States, Code, Section 522(d).

(Rev.Stat.Mo. 513.427 (Supp.1992) (emphasis added)).

While Debtors rely primarily on the theory of sovereign immunity for the proposition that their interest in the tax refund was exempt from attachment and execution on the date of filing, their theory more accurately derives from two provisions in the U.S. Code, addressing assignment of claims against the government and interception or garnishment of tax refunds. (*See,* 26

U.S.C. § 6402 (Supp.1992) and 31 U.S.C. § 3727 (1983 and Supp.1992)). The Court considers these provisions determinative of Debtors' exemption question.

### *Attachment of Tax Refunds—26 U.S.C. § 6402*

Section 6402 of the Internal Revenue Code restricts garnishment or interception of tax refunds in the possession of the IRS. (26 U.S.C. § 6402 (Supp.1992)). Subparagraph (a) of this section states the general rule that the IRS will refund the balance of any overpayment to a taxpayer subject only to reduction in the amount of the refund for other outstanding tax liabilities and for payment of selected obligations described in subparagraphs (c) and (d) of § 6402. Subparagraph (c) authorizes the IRS, upon notification from a state agency collecting past due support payments (as defined in Section 464 of the Social Security Act)[3], to reduce the amount of a tax refund by the amount of the past due support and remit payment to the State agency. Subparagraph (d) authorizes the IRS upon notification from any federal agency that the taxpayer owes a legally enforceable debt to that agency to reduce the amount of the tax refund and remit payment to the appropriate federal agency (including for example, payment of other tax obligations and government insured student loans). (*See,* 26 U.S.C. § 6402(c), (d)) Pursuant to § 6402, the IRS may pay a taxpayer's refund only to the taxpayer and to those entities described in § 6402; all other attempts to garnish a tax refund are ineffective against the government.

▬ Debtors assert that because most creditors cannot levy on tax refunds in the possession of the government, such refunds are, for the purposes of § 513.427 "exempt from attachment and execution."

---

**2.** Other courts holding that tax refunds are property of the estate but not subject to exemption as "earnings" under state garnishment law include: *In re Verill,* 17 B.R. 652 (Bankr.Md. 1982); *In re Linn,* 52 B.R. 63 (Bankr. W.D.Okla.1985); *In re Truax,* 104 B.R. 471 (Bankr.M.D.Fla.1989).

**3.** The reference to § 464 of the Social Security Act is properly a reference to 42 U.S.C. § 664(c) which defines "past-due support" as:

> the amount of a delinquency, determined under a court order of an administrative process established under State law, for support and maintenance of a child, or of a child and the parent with whom the child is living. 42 U.S.C. § 664(c)(1) (1991).

Accordingly, Debtors maintain that their interest in their tax refund was exempt on the date of filing under Missouri's "opt out" statute. The Court is not persuaded by this analysis because even though most creditors may not attach or execute upon a tax refund in the possession of the IRS, certain creditors may reach the refund, thus making the refund property which *is* subject to attachment and execution. Property which *is* subject to attachment or execution is, by definition, *not* property which is *exempt* from attachment and execution. Section 513.427 allows a debtor to exempt from property of the estate only property that *is exempt from attachment and execution* under state or federal non-bankruptcy law. Because Debtors' tax refund could have been levied upon by certain creditors, namely state and federal agencies under § 6402(c) or (d), the refund is simply *not* property which is exempt from attachment and execution.

In adopting such a straight forward reading of Missouri's "opt out" statute, the Court realizes that its decision could lead to the anomalous result that certain creditors in bankruptcy (e.g. unsecured non-priority creditors) may receive distribution from the proceeds of Debtors' tax refund although absent a bankruptcy filing those creditors could not have levied upon the refund while it was in the possession of the IRS. This distinction, however, is not troublesome because the Court is called upon to apply Missouri's exemption statute as it finds it, regardless of the consequences. The Supreme Court has repeatedly stated that where a statute's language is plain the " 'sole function of the courts is to enforce it according to its terms.' " *U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), *citing, Caminetti v. U.S.,* 242 U.S. 470, 483, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). In the instant case, Missouri's "opt-out" statute states that property may be claimed as exempt in bankruptcy if it "is exempt from attachment and execution" under state or non-bankruptcy federal law. Because the property at issue (Debtor's tax refund) may be attached by certain claimants under § 6402, the refund is simply not exempt from attachment or execution.

The Court is also not troubled by the fact that the Debtors did not owe obligations to creditors who could levy on the refund under 26 U.S.C. § 6402(c) or (d). The actual existence of such creditors is irrelevant under this Court's reading of Missouri's "opt out" statute. This Court reads Missouri's statute to mean that property is "exempt from attachment and execution" when it cannot be reached by any creditor under state or federal law. To adopt the position that Debtors may exempt their interest because they do not have claims of the type that may attach the refund is to read Missouri's "opt out" statute as exempting property from the bankruptcy estate *"to the extent* it is exempt under state or federal non-bankruptcy law." If the statute contained such a limitation, the Court would have to inquire whether the tax refund could *actually* be attached and to what extent it would be attached before determining the extent to which the Debtors could claim their interest exempt. However, the statute does not contain such a limitation and this Court will not read such a limitation into the clear words of the statute. Moreover, if the Missouri legislature wanted to limit the extent to which tax refunds may be included in the estate, it could have worded Missouri's "opt out" statute to clearly reflect its intent. The legislature did not include such language and this Court will not create it.

Finally, a strict reading of the statute is appropriate because while most creditors cannot levy upon a tax refund in the hands of the government, such creditors may reach a tax refund once it is paid to the debtor and "it is not at all difficult to conceive of an astute candidate for bankruptcy drastically increasing the amount of withholding for taxes, in view of impending financial difficulties, given the knowledge that the refund eventually obtained after filing bankruptcy would be free of the claims of creditors...." *In re Cedor,* 337 F.Supp. 1103, 1106 (N.D.Cal.1972). Thus, a strict interpretation of Missouri's exemp-

tion statute also operates as a deterrent to devious debtors who would attempt to put their income beyond the reach of most creditors by increasing their withholding, in hopes of receiving their tax refund post-petition and emerging from bankruptcy with a hefty supply of cash.

### Assignability of Tax Refunds

Because the Court concludes that Debtors' interest in their tax refund is not exempt from attachment and execution under Rev.Stat.Mo. § 513.427 because certain government creditors could attach the refund, the Court need not also consider whether tax refunds may be attached by virtue of being assignable pursuant to the analysis in *Scarlett v. Barnes*, 121 B.R. 578 (Bankr.W.D.Mo.1990) or unassignable pursuant to the restrictions on alienability contained in 31 U.S.C. § 3727.

### CONCLUSION

 Therefore, having determined that Debtors' interest in their tax refund was not exempt from attachment and execution on the date of filing, the Court finds that Debtors' interest in the refund is not exempt property under Mo.Rev.Stat. § 523.427. With respect to Trustee's Complaint to Deny Discharge, the Court finds that Debtors, acting under the advice of counsel and having a good faith legal basis for their claim of exemption, have committed no act to warrant denial of discharge. Accordingly,

IT IS ORDERED that Judgment be and is hereby entered in favor of Plaintiff on Count II of his complaint. Debtors are therefore ordered to turnover that portion of their tax refund not otherwise subject to a valid exemption.

IT IS FURTHER ORDERED that Judgment be and is hereby entered in favor of Defendants on Count I of Trustee's Complaint seeking denial of discharge.

### AMENDED JUDGMENT AND ORDER

AT ST. LOUIS, in this District, this 16th day of April, 1993.

The Trustee's Motion to Alter or Amend Judgment coming before the Court this date; the Court having reviewed the Trustee's Motion and found the Motion to be proper in all respects; in accordance therewith, it is hereby

ORDERED, that this Court's Memorandum Opinion and Order dated March 8, 1993, is hereby amended to include a money judgment on Count II of the Plaintiff's Complaint in favor of Plaintiff and against Defendant in the amount of Ten Thousand One Hundred Fifty Dollars ($10,150.00) representing that portion of the Debtor's tax refund not otherwise subject to a valid exemption.