*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0126P (6th Cir.)
File Name: 00a0126p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: ROBIN L. JOHNSTON,
  *Debtor.*

─────────────────────

ROBIN L. JOHNSTON,
  *Appellant,*

  *v.*

THOMAS HAZLETT,
  *Appellee.*

No. 98-3954

Appeal from the Bankruptcy Appellate Panel
of the Sixth Circuit.
No. 97-59613—Barbara J. Sellers, Bankruptcy Judge.

Argued: September 14, 1999

Decided and Filed: April 7, 2000

Before: BATCHELDER and GILMAN, Circuit Judges;
HOOD,[*] District Judge.

───────────────────

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

———————————

**COUNSEL**

———————————

**ARGUED:**   Andrew W. Miller, Steubenville, Ohio, for Appellant.   Thomas Hazlett, HARPER & HAZLETT, St. Clairsville, Ohio, for Appellee.   **ON BRIEF:**   Andrew W. Miller, Steubenville, Ohio, for Appellant.   Thomas Hazlett, HARPER & HAZLETT, St. Clairsville, Ohio, for Appellee.

———————————

**OPINION**

———————————

ALICE M. BATCHELDER, Circuit Judge.   Debtor-Appellant Robin L. Johnston appeals the decision of the Bankruptcy Appellate Panel affirming the Bankruptcy Court's denial of her claim that her 1997 earned income tax credit ("EIC") is exempt from inclusion in her Chapter 7 bankruptcy estate.   For the reasons that follow, we affirm the decision of the Bankruptcy Appellate Panel.

## I.

On October 20, 1997, Robin L. Johnston filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.   Johnston listed in her petition for relief a 1997 EIC in the amount of $2,000 and claimed the entire amount as an exemption.   The Bankruptcy Court sustained the Trustee's objection to the exemption, rejecting Johnston's argument that because she had no "legal or equitable interest" in the EIC at the time she filed her petition, the EIC cannot be defined as property of the estate under 11 U.S.C. § 541.   The Bankruptcy Appellate Panel for the Sixth Circuit affirmed the disallowance of the exemption, holding that an EIC is property of the bankruptcy estate under 11 U.S.C. § 541, even if the bankruptcy petition is filed prior to the end of the tax year in which the EIC is earned.

Johnston raises three assignments of error on appeal: (1) because she was not entitled to the EIC until the end of the tax year, she had neither a legal nor an equitable interest in the EIC at the time she filed her petition, and therefore, it was not part of the bankruptcy estate; (2) the opt-out provision of 11 U.S.C. § 522(b)(1) is unconstitutional; and (3) public policy militates in favor of allowing her to keep the EIC in light of her limited earnings. Because she raises the latter two for the first time on appeal, we will not address them,[1] and will confine our review to Johnston's first assignment of error.

## II.

Whether the EIC was properly included as property of the bankruptcy estate is purely an issue of law. We review a bankruptcy court's conclusions of law de novo. *Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir. 1994).

The overwhelming majority of courts confronted with this issue have rejected the argument that Johnston makes here.[2] In *Baer v. Montgomery* (*In re Montgomery*), 219 B.R. 913 (10th Cir. B.A.P. 1998), for example, the bankruptcy court had determined that a debtor's EIC for the pre-petition portion of the tax year was not part of the bankruptcy estate. The court based its reasoning on the opinion in *Hoffman v. Searles*

---

[1] Issues not raised before the trial court are generally considered waived. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990).

[2] *See, e.g., Baer v. Montgomery* (*In re Montgomery*), 219 B.R. 913 (10th Cir. B.A.P. 1998); *In re Fraire*, No. 96-1241-JTM, 1997 WL 45465 (D. Kan. Jan. 2, 1997); *In re McCourt*, 217 B.R. 998 (Bankr. S.D. Ohio 1997); *In re Barnett*, 214 B.R. 632 (Bankr. W.D. Okla. 1997); *In re Beagle*, 200 B.R. 595 (Bankr. N.D. Ohio 1996); *In re Kurilich*, 199 B.R. 161 (Bankr. N.D. Ohio 1996); *In re Goertz*, 202 B.R. 614 (Bankr. W.D. Mo. 1996); *In re George*, 199 B.R. 60 (Bankr. N.D. Okla. 1996); *In re Brown*, 186 B.R. 224 (Bankr. W.D. Ky. 1995); *In re Goldsberry*, 142 B.R. 158 (Bankr. E.D. Ky. 1992); *In re Buchanan*, 139 B.R. 721 (Bankr. D. Idaho 1992); *In re Davis*, 136 B.R. 203 (Bankr. S.D. Iowa 1991); *In re Richardson*, 216 B.R. 206 (Bankr. S.D. Ohio 1997).

(*In re Searles*), 445 F. Supp. 749 (D. Conn. 1978), which held that under the "fresh start" provision of § 70a(5) of the Bankruptcy Act, EICs are "expectancies" accruable at the end of the tax year and payable in the year following bankruptcy. *Searles*, 445 F. Supp. at 753. The Bankruptcy Appellate Panel for the Tenth Circuit reversed and remanded, noting that the bankruptcy court's conclusions were misplaced in light of the Bankruptcy Reform Act of 1978:

> The Bankruptcy Act was repealed in favor of the modern Bankruptcy Code by the Bankruptcy Reform Act of 1978. Though the "fresh start" maxim rising from section 70a(5) of the Act may have been a fundamental consideration in the formation of the Code, we recognize the maxim to be a limited, and no longer a completely unencumbered, guiding principle. Unlike the Act, the Code requires that all property of the debtor, whether or not exempt, be included in the bankruptcy estate, mandating that an estate in bankruptcy comprise "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994). Legislative history indicates section 541 is intended to be given a broad definition to include "all kinds of property, including tangible or intangible property, causes of action . . ., and all other forms of property specified in section 70a of the Bankruptcy Act . . . . [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start." H.R.Rep. No. 95-595, at 367 (1977). Any conclusion that EICs are necessary or mandatory for a "fresh start" may be reasonably inferred under the Act, but is incorrect in light of the Code.

*Montgomery*, 219 B.R. at 916 (alteration in original). *Montgomery* further held that "qualifying individuals may request payment of EICs at the end of the tax year, or at any time during the tax year," *id*. at 917, and, citing *In re Davis*, 136 B.R. 203, 207 (Bankr. S.D. Iowa 1991), that "[n]either possession nor constructive possession, either prior to or contemporaneous with the filing for bankruptcy protection, is

required to vest an individual with a property interest in EICs." *Id.*

In the case before us here, the Bankruptcy Appellate Panel reviewed the reasoning and conclusions of *Montgomery* and concluded, "*Montgomery* also held that EICs are property of the estate under § 541, even when the bankruptcy petition is filed prior to the end of the tax year. 'Congress intended EICs to be available to qualifying individuals at anytime during the tax year.' We agree with *Montgomery*." *Johnston v. Hazlett (In re Johnston)*, 222 B.R. 552, 555 (6th Cir. B.A.P. 1998) (internal citations omitted).

We agree with the Bankruptcy Appellate Panel that the reasoning of the *Montgomery* panel is correct. Accordingly, we hold that in the case before us here, the bankruptcy court and appellate panel properly determined that Johnston's EIC was property of the bankruptcy estate, despite the fact that Johnston filed her bankruptcy petition prior to the end of the tax year in which the credit was earned.

## CONCLUSION

The decision of the Bankruptcy Appellate Panel affirming the judgment of the Bankruptcy Court is AFFIRMED.