**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

In Re: JAN BECKY MONTGOMERY; DANETTE DELLA WOOD, also known as DeeDee Anderson; ROBERT OWEN SPARKS; KELLEY RENEE SPARKS, formerly known as Kelley Renee Sneed; and LOLITA MARIE JONES,

     Debtors,

_____

DARCY D. WILLIAMSON, Trustee for the Bankruptcy Estate of Lolita M. Jones,

     Plaintiff-Appellee,

ROBERT L. BAER, Chapter 7 Panel Trustee,

     Appellee,

v.

LOLITA MARIE JONES,

     Defendant-Appellant,

JAN BECKY MONTGOMERY; DANETTE DELLA WOOD; ROBERT OWEN SPARKS; and KELLEY RENEE SPARKS,

     Appellants.

No. 98-3149

_____

NATIONAL ASSOCIATION OF CONSUMER
BANKRUPTCY ATTORNEYS,

     Amicus Curiae.

---

Appeal from the United States Bankruptcy Appellate Panel for the Tenth Circuit
(BAP Nos. KS-97-080, KS-97-081, KS-97-082, KS-97-083)
(Bankr. Nos. 96-42363, 96-42362, 96-43110, 96-42267)
(Adv. No. 97-7047)

---

Larry E. Schneider of Topeka, Kansas; and Jill A. Michaux of Neis & Michaux, P.A., Topeka, Kansas, for Appellants.

John T. Houston of Cosgrove, Webb & Oman, Topeka, Kansas; and Darcy D. Williamson of Topeka, Kansas, for Appellees.

Lynn D. Lauver of Consumer Bankruptcy Clinic, P.A., Topeka, Kansas; and John Rao of National Consumer Law Center, Boston, Massachusetts, submitted a brief for Amicus Curiae.

---

Before **SEYMOUR**, Chief Judge, **McKAY**, and **EBEL**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

---

The debtors in four Chapter 7 bankruptcy proceedings appeal a consolidated order of the Bankruptcy Appellate Panel (BAP) holding that earned income tax credits (EICs) based upon pre-petition eligibility are property of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code. *See Baer v.*

*Montgomery (In re Montgomery)*, 219 B.R. 913 ( B.A.P. 10th Cir. 1998).[1]  The

debtors filed bankruptcy petitions in 1996, and the EICs at issue were received by

the debtors in 1997 as part of their 1996 tax refunds.  The trustees sought to

include in the bankruptcy estates that portion of the EICs attributable to the

portion of the tax year prior to the date on which the petitions were filed.  The

bankruptcy court ruled that because an EIC does not accrue until the end of a

debtor's tax year, no portion of it becomes property of the debtor's Chapter 7

bankruptcy estate if the debtor files for bankruptcy before the end of that tax year.

The BAP reversed, holding for the trustees.  We agree with the BAP and the

overwhelming weight of authority that EICs are part of the estate in these

circumstances, and we therefore affirm.

The EIC program allows a percentage of the income of a qualifying

individual as a credit against the tax otherwise owed for a taxable year.  *See*

I.R.C. § 32. Congress made EICs available to qualifying low income earners in

order to

---

[1] We asked the parties to address whether the BAP's decision, which remanded the proceedings to the bankruptcy court, is final for purposes of appellate jurisdiction under 28 U.S.C. § 158(d).  The parties argued that the remand was only for purposes of a ministerial pro rata allocation of the EICs to pre- and post-petition segments of the year in question and therefore did not preclude immediate appellate review.  We agree. *See Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters.), Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993) (appellate jurisdiction not barred by remand for mere ministerial computation involving little discretion).

reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices.

*Sorenson v. Secretary of Treasury*, 475 U.S. 851, 864 (1986). If the amount of an individual's EIC exceeds his tax liability, the excess is considered an overpayment of tax under I.R.C. § 6401, and is refunded to the individual under I.R.C. § 6402 "as if he had overpaid his tax in that amount." *Sorenson*, 475 U.S. at 855. In addition, an individual eligible to receive EICs may obtain advance payment of a portion of the amount as part of his wages. *See* I.R.C. § 3507.

The issue before us is whether the refunded portion of an EIC can comprise part of the bankruptcy estate, which is defined in section 541 of the Bankruptcy Code as "all the following property, wherever located . . . [including] all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). We have pointed out that the scope of section 541 is broad and should be generously construed, and that an interest may be property of the estate even if it is "novel or contingent." *Barowsky v. Serelson*, 946 F.2d 1516, 1518-19 (10th Cir. 1991).

The bankruptcy court concluded that because an EIC does not accrue until the end of the debtor's tax year, it is contingent and therefore does not become property of the debtor's estate if the debtor files for bankruptcy before the end of

-4-

that tax year.  The debtors adopt the bankruptcy court's position in this appeal as grounds for reversing the decision of the BAP.  We do not find this reasoning persuasive in view of Congress' clear intent that contingent interests are to be included in the property of a bankruptcy estate.  *See Barowsky*, 946 F.2d at 1518-19; *Potter v. Drewes*, 228 B.R. 422, 423-24 (B.A.P. 8th Cir. 1999) (citing *In re Neuton*, 922 F.2d 1379, 1382-83 (9th Cir. 1990) (citing cases)).  In light of the consistent authority holding that section 541 applies to contingent interests, the fact that a debtor's interest in an EIC is not finalized until the end of the tax year is not an impediment to its inclusion in the bankruptcy estate.

In reversing the bankruptcy court, the BAP relied on the broad interpretation of section 541 together with the classification and treatment of EICs as tax refunds.  In *Barowsky* this court held that the pre-petition portion of a debtor's tax refund is property of the bankruptcy estate even though the relevant tax year did not end until after the petition in bankruptcy was filed.  Given that EICs are to be treated as tax refunds, and that contingent interests are to be included in the bankruptcy estate, we agree with the BAP and the overwhelming weight of authority that a debtor's EIC for a tax year, as pro-rated to the date the bankruptcy petition was filed, is property of the estate regardless of whether the petition was filed prior to the end of the tax year.  *See, e.g., Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 612-13 & n.2 (6th Cir. 2000) (citing cases); *In re*

*Ferns*, 232 B.R. 453, 455-57 (Bankr. D. Ariz. 1999) (citing cases); *In re Whitmer*, 228 B.R. 841, 843-44 & n.4 (Bankr. W.D. Va. 1998) (citing cases); *In re McCourt*, 217 B.R. 998, 999-1000 (Bankr. S.D. Ohio 1997) (citing cases).

Accordingly, the judgment of the BAP is **AFFIRMED**.