**In re Dee Linda WALKER, Debtor.**

No. 02–60094.

United States Bankruptcy Court,
W.D. Missouri.

June 6, 2002.

income tax refund with her non-debtor husband as tenants by the entirety. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the following reasons I will grant the trustee's motion.

### FACTUAL BACKGROUND

Ms. Walker and her non-debtor husband married in June of 2001. He has two children from a previous marriage, and Ms. Walker has one child from a previous marriage. Ms. Walker testified that all three children live with them. She is employed at Bass Pro Shop and has been for 8 years. She earned $19,400 in 2001. On January 11, 2002, Ms. Walker filed a Chapter 7 bankruptcy petition. Mr. Walker is disabled and contributes no income to the household, however, on or about February 17, 2002, Mr. and Ms. Walker filed a joint tax return. Thus, the Walkers received an income tax refund postpetition for income earned in 2001. The amount of the refund is $4,721.00. The refund was due them because of the earned income tax credit (the EIC).

The Chapter 7 trustee demanded turnover of the income tax refund as an asset of the bankruptcy estate. Ms. Walker claims that she and Mr. Walker have no joint debts, and that they hold the income tax refund as tenants-by-the-entirety property. On May 16, 2002, this Court held a hearing. There are two issues before the Court. The first issue is whether the tax refund is property of the bankruptcy estate. The second issue is whether an income tax refund is exempt as tenants-by-

Jon M. Gold, Reynolds & Gold, Springfield, MO, for debtor.

J. Kevin Checkett, Carthage, MO, for Chapter 7 Trustee.

### MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 7 trustee filed a motion to compel turnover of debtor Dee Linda Walker's 2001 income tax refund. Ms. Walker refused, claiming that she held the

the-entirety property if a couple files a joint tax return, only one spouse earns income, they have no joint debts, and the spouse earning the income files a bankruptcy petition.

## DISCUSSION

■ Section 541 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an estate that contains all property in which the debtor holds any legal or equitable interest:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[1]

The Eighth Circuit has specifically held that a debtor's interest in a tax refund is property of the debtor's bankruptcy estate and is not exempt as "earnings" under Missouri's garnishment statute.[2] In *In re Goertz* this Court relied on the plain language of section 541 to hold that a tax refund is property of the estate.[3] And Ms. Walker testified that she earned all of the

income for her family in 2001. Accordingly, the tax refund at issue here is property in which Ms. Walker holds a legal interest, it is property of her bankruptcy estate, and she may assert any appropriate exemptions to remove any or all of the tax refund from the estate.[4]

Ms. Walker testified that she and Mr. Walker received an income tax refund because of the EIC. And, she felt the amount of the refund was increased because Mr. Walker's two minor children live with them. The EIC permits qualifying taxpayers to claim a percentage of their income as a credit against tax they would otherwise owe for a taxable year.[5] Congress made this program available to low income earners for the following three reasons: (1) to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income; (2) to stimulate the economy by placing funds in the hands of consumers who would spend them immediately; and (3) to provide relief for families impacted by rising food and energy prices.[6] If the EIC is greater than the taxes owed by the wage earner, the excess is considered an overpayment of taxes, and the taxpayer is entitled to a refund as if she overpaid her taxes in that amount.[7] In other words, a predicate to receiving an EIC is to have earned in-

---

1. 11 U.S.C. § 541(a)(1).

2. *Davis v. Robinson (In re Robinson)*, 152 B.R. 956, 958 (Bankr.E.D.Mo.1993) (citing *In re Wallerstedt*, 930 F.2d 630 (8th Cir.1991)). *See also Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974) (where the Court held that an income tax refund is sufficiently rooted in the prepetition past to be defined as property under the bankruptcy act).

3. 202 B.R. 614, 616 (Bankr.W.D.Mo.1996). *See also Williamson v. Montgomery (In re Montgomery)*, 219 B.R. 913, 917 (10th Cir. BAP 1998), *affirmed*, 224 F.3d 1193 (10th Cir.2000) (holding that EIC's are classified as

a tax overpayment and are, therefore, property of the estate); *Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir.1999) (holding that an EIC available to a debtor at the end of the tax year in which she filed her Chapter 7 bankruptcy petition is included in property of the estate, even though she filed her petition prior to the end of the year).

4. 202 B.R. at 616.

5. *Williamson v. Montgomery (In re Montgomery)*, 224 F.3d at 1194.

6. *Id.*

7. *Id.*

come.[8] And Ms. Walker is the only member of her family with earned income. I find, therefore, that the tax refund is property of the estate. Ms. Walker, however, claims that the tax refund is exempt because she holds it with her husband as tenants by the entirety, and they have no joint creditors.

Missouri cases define tenancy by the entirety as "a form of ownership in property created by marriage in which each spouse owns the entire property rather than a share or divisible part, and thus at the death of one spouse, the surviving spouse continues to hold title to the property."[9] Thus, the husband and wife have unity of interest, unity of entirety, unity of time, and unity of possession, and both are seized of the entirety.[10] In Missouri there is a presumption that both personal property and real estate owned by a husband and wife are held as tenants by the entirety.[11] This form of title derives from ancient common law, and serves the purpose of making it difficult, if not impossible, for a creditor of one spouse to reach that spouse's interest in property held by both spouses as tenants by the entirety.[12] As such, the State of Missouri recognizes that property held as tenants by the entirety is exempt from the claims of creditors of either spouse individually. Moreover, the Bankruptcy Code permits a debtor to exempt property from the bankruptcy estate that she holds as a tenant by the entirety:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

.     .     .     .     .

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.[13]

So, if Ms. Walker holds the income tax refund as a tenant by the entirety, she may exempt the entire refund from her bankruptcy estate.

The Eighth Circuit addressed this issue in *In re Wetteroff.*[14] In *Wetteroff,* the Eighth Circuit held that a tax refund issued on behalf of debtors who filed a joint tax return is not *per se* owned by the debtors as tenants-by-the-entirety property.[15] The Court stated that Congress passed legislation allowing taxpayers to file joint tax returns in order to equalize the tax burden for married persons in noncommunity property states, not to effect a change of ownership of property rights as between the spouses.[16] As the Court further stated, "[i]t is an elementary principal of conveyancing law that an in-

**8.** *See In re Goertz,* 202 B.R. 614, 616 (Bankr. W.D.Mo.1996) (where the court found that a person cannot collect the EIC unless she first files an income tax return).

**9.** *Rinehart v. Anderson,* 985 S.W.2d 363, 367 (Mo.Ct.App.1998).

**10.** *Murawski v. Murawski,* 240 Mo.App. 533, 209 S.W.2d 262, 264 (1948).

**11.** *See, e.g., Scott v. Flynn,* 946 S.W.2d 248, 250 (Mo.Ct.App.1997).

**12.** *Harris v. Crowder,* 174 W.Va. 83, 322 S.E.2d 854, 858 (1984).

**13.** 11 U.S.C. § 522(b)(2)(B).

**14.** 453 F.2d 544 (8th Cir.1972).

**15.** 453 F.2d at 547.

**16.** *Id.* at 547.

strument claimed to have conveyed a property interest must contain proper words of conveyance showing an intent upon the part of the grantor to transfer his interest."[17] Ms. Walker offered as an exhibit her individual income tax return for 2001, which indicates she and Mr. Walker did file a joint return.[18] That document, however, does not contain any language of conveyance. Based upon the precedence in the Eighth Circuit and the evidence before me, I cannot, therefore, find that Mr. and Ms. Walker hold their 2001 income tax refund as tenants by the entirety. Accordingly, the tax refund at issue here is property of Ms. Walker's bankruptcy estate, and it is not exempt as tenants-by-the-entirety property.

An Order in accordance with this Memorandum Opinion will be entered this date.