In re Douglas D. DUVALL, Linda G. Duvall, Linda Flanery, Patrick Dale James, Danielle Darleen James, Richard Yeaman Justice, Deborah Renae Justice, Gary Wayne Rainey, Tasha Michelle Rainey, Mary Ann Smith, Valerie Brooks, Kimberly Joy Moorman, Penny E. Morgan, Micole R. Shabazz, Jenny Allen, Debtors.

Nos. 02–40234, 02–40053, 02–30510, 02–40086, 02–40055, 02–30850, 02–40178, 01–37622, 02–30511, 01–35535, 02–30126.

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 9, 2002.

Russ Wilkey, Owensboro, KY, for debtors.

Joel K. Jensen, Cincinnati, OH, for Fidelity Funding Mortgage Corp.

Harry L. Mathison, Henderson, KY, for trustee.

### MEMORANDUM–OPINION

DAVID T. STOSBERG, Chief Judge.

Several cases [1] are before the Court on the question of whether a debtor, who is entitled to an Earned Income Tax Credit ("EIC"), may exempt this portion of his or her tax refund under K.R.S. § 205.220(3).

The EIC is codified at 26 U.S.C. § 32, providing certain low income taxpayers with a refundable tax credit if they meet the requirements of the section. The legislative history of the EIC provides more guidance than the statute itself as to the purpose of its enactment. As articulated by the Supreme Court in *Sorenson v. Secretary of the Treasury of the U.S.*, 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986),

---

**1.** This court by agreement with Judge Cooper, considered the *Shabazz* and *Allen* cases since they concern the same issues addressed herein and notes that Judge Cooper fully concurs with this Memorandum–Opinion.

The earned income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices.

Unlike other tax credits used to offset taxes that would otherwise be owed, the EIC is refundable. *In re Rutter*, 204 B.R. 57, 59 (Bankr.D.Or.1997). "The EIC program allows a percentage of the income of a qualifying individual as a credit against the tax otherwise owed for a taxable year." *In re Montgomery*, 224 F.3d 1193, 1194 (10th Cir.2000). If the credit exceeds the tax liability of the taxpayer for that year, the excess is considered "an overpayment" pursuant to IRC § 6401(b) and is refunded to the taxpayer pursuant to IRC § 6402(a). *Sorenson*, 475 U.S. at 851, 106 S.Ct. 1600.

 The Court of Appeals for the Sixth Circuit has determined that the EIC is property of the estate pursuant to 11 U.S.C. § 541(a). *In re Johnston*, 209 F.3d 611 (6th Cir.2000). The refunded portion of the EIC comprises property of the estate for the tax year in which the bankruptcy petition is filed, pro-rated to the date of the filing. *See Johnston*, 209 F.3d at 613; *In re Montgomery*, 224 F.3d at 1194. Therefore, the question is whether debtors may exempt this property under applicable state law.

Kentucky has opted out of the federal exemption statutes and K.R.S. § 205.220(3) provides:

Public assistance shall not be assignable and shall be exempt from levy or execution. Furthermore, no assignment, pledge or encumbrance of any right to benefits due or payable under this chapter shall be valid. Public assistance

benefits, as long as they are not mingled with other funds of the recipient, shall be exempt from any remedy for the collection of all debts, liens and encumbrances. No waiver of any exemption provided for in this subsection shall be valid.

This is the exemption section relied upon by debtors who claim an exemption in the EIC portion of their tax refunds. Therefore, for the EIC portion of the tax refund received by these debtors to be exempt, it must be considered "public assistance." K.R.S. § 205.010(3) defines "public assistance" as money grants and assistance in kind or services to or for the benefit of needy persons.

The trustees have proven that the exemption of EIC is not proper under the Supreme Court's decision in *Sorenson*. Although *Sorenson* concerned the interception of refunded EICs to collect child support payments, *Sorenson's* instruction of the nature of the EIC mandates a finding that the EIC is not in the nature of public assistance but rather is a refunded tax overpayment. *Sorenson*, 475 U.S. at 854–55, 106 S.Ct. 1600. In holding that the EIC refunds could be intercepted, the Supreme Court found,

[S]ince the Code expressly defined excess earned-income credits as "overpayments," and disbursed those excess credits to recipients through the income tax refund process, the credits were "payable 'as' refunds of federal taxes paid" and therefore could be intercepted.

*Sorenson*, 475 U.S. at 858, 106 S.Ct. 1600. Thus, the Supreme Court clearly classifies the EIC as a tax overpayment, not as a public assistance grant.

We disagree with the case of *In re Brown*, 186 B.R. 224, 227 (Bankr.W.D.Ky. 1995), where the court held that the EIC

constitutes a money grant for "needy children." In fact, EIC is not a grant but a refunded tax credit, *Sorenson,* 475 U.S. at 858, 106 S.Ct. 1600, and, debtors are not even required to have a child to qualify for the EIC under 26 U.S.C. § 32(b)(1) and (c). *See also, In re Rutter,* 204 B.R. 57, 59 (Bankr.D.Or.1997). Therefore, the Court will no longer follow the decision of *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995).

The Court finds support for its decision in the recent Sixth Circuit opinion holding that the EIC is property of the estate. *In re Johnston,* 209 F.3d 611 (6th Cir.2000). In *Johnston,* the Sixth Circuit relied on the *Montgomery* decision from the 10th Circuit BAP in making the determination that the EIC portion of a debtor's tax refund is property of the bankruptcy estate. *Id.* at 612–13. After *Montgomery,* the Tenth Circuit BAP addressed the very question in this case and specifically found that the EIC portion of the tax refund is not exempt under the Wyoming exemption statute concerning public assistance. *In re Trudeau,* 237 B.R. 803, 806–07 (10th Cir. BAP 1999). The 10th Circuit BAP articulately stated:

> Very simply, the earned income credit is not a welfare grant but an incentive to work. The Supreme Court has stated, 'the legislative history of § 43 did not suggest that the earned-income credit was intended primarily as a type of welfare grant; rather, it was meant to negate the disincentive to work caused by Social Security taxes.'

*Trudeau,* 237 B.R. at 807 (quoting *Sorenson,* 475 U.S. at 858, 106 S.Ct. 1600).

Based on the above analysis, the Court finds that debtors may not exempt the EIC under K.R.S. § 205.220(3) as public assistance, and the Court has entered an Order this same date sustaining the objec-tion of the trustees to the debtors' claims of exemption under K.R.S. § 205.220(3).