**In re Byron JARVIS, Debtor.**

No. 05–10634.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 4, 2009.

Michael S. Linn, Cleveland, OH, for Debtor.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matters before this Court are Byron Jarvis'(Debtor) Motion to Vacate Order of Discharge pursuant to Rule 60(b)(1) & (b)(6) and Motion to Dismiss Case pursuant to § 1307(b). In his first motion, the Debtor requests this Court to vacate a prior Order of Discharge. The Debtor asserts that a discharge under Chapter 13

will preclude him from filing future petitions for relief under Chapter 7 or Chapter 13 if he becomes insolvent again. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing and an examination of the Debtor's pleadings, the following factual findings and conclusions of law are herein made:

\*

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on January 9, 2005. On January 20, 2005, the Debtor filed his original Chapter 13 plan which was confirmed in March of 2005. After successfully completing all plan payments, he received a discharge issued on February 4, 2009.

Earlier this year, the Debtor became aware of the H.R. 200: Helping Families Save Their Homes in Bankruptcy Act. Subsequently, he requested that his attorney file a Motion to Dismiss his Chapter 13 case. However, the Motion to Dismiss was filed after this Court entered the Order of Discharge ("Order"). Consequently, the Debtor filed this present Motion to Vacate said discharge order. The Debtor's sole basis for relief is predicated upon the possibility of insolvency in the near future.

\* \*

Whether a debtor should be relieved of the effects of a discharge order based on the possibility of future insolvency, as an effort to circumvent the discharge's preclusive effect on future filings.

\* \* \*

The effects of a discharge in bankruptcy are addressed under § 524 of the Bankruptcy Code. The two fundamental principles of bankruptcy are 1) to provide an honest but financially distressed debtor a fresh start and 2) to insure an equitable

dividend to claimants, if one is available. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *In re Johnston,* 209 F.3d 611 (6th Cir.2000). However, competing against these principles is the need for regulation against abuse. Occasionally, debtors attempt to abuse the bankruptcy process by filing and quickly refiling petitions for relief without successful completion of the bankruptcy case. Congress partially addressed this issue in 2005 with the enactment of BAPCPA. Specific provisions were added to increase the number of years a debtor must wait before filing another petition for relief, once a discharge has been granted. Sections 727 and 1328 of the Bankruptcy Code address the preclusive effect a discharge has on future filings.

Section 727 provides in relevant part that "[t]he court shall grant the debtor a discharge, unless ... the debtor has been granted a discharge under section 1228 or 1328 of this title ... in a case commenced within six years before the date of the filing of the petition ..." 11 U.S.C. § 727(a)(9). Likewise, § 1328 provides "the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge ... in a case filed under Chapter 13 of this title during the two year period preceding the date of such order." *11 U.S.C. § 1328(f)(2).*

■■■ Herein, the Debtor relies on the provisions of Rule 60(b)(1) and (b)(6) Fed. R.Civ.P., which are made applicable to bankruptcy proceedings through Bankruptcy Procedural Rule 9024, as an effort to circumvent these preclusive effects. In pertinent part, Rule 60(b) provides:

(b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; ...

(6) any other reason that justifies relief. *Fed.R. Civ.P. Rule 60(b)(1), (6).* On a motion to vacate a previous court order, the movant has the burden of proof to show, by a preponderance of the evidence, that all of the required elements have been satisfied. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365–366 (6th Cir.1990); *Satterlee v. Allen Press, Inc.,* 455 F.Supp.2d 1236, 1242 (D.Kan.2006). Once the movant establishes a prima facie case, the burden of going forward with sufficient evidence to controvert the prima facie case is reposed in the non-moving party. *Id.*

▮▮ A court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines, in its sound discretion, that substantial justice would be served. *See, Overbee v. Van Waters & Rogers,* 765 F.2d 578, 580 (6th Cir.1985), Such relief, however, should be applied "only in exceptional or extraordinary circumstances ..." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Additionally, the facts must be so significant that "principles of equity *mandate* relief." *Olle,* 910 F.2d at 365.

▮▮ Under Rule 60(b), the movant may seek relief from judgment upon six different grounds. However, competing against Rule 60(b) is a public policy favoring finality of judgments and the termination of litigation. *Waifersong, Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). Therefore, in finding for the movant, courts should conclude that the need for relief outweighs this competing public policy interest.

Herein the Debtor asserts that, although he successfully completed all of his Chapter 13 plan payments, he suffered a reduction in income during the latter months of 2008. He contends that this reduction in income created a hardship, which made it difficult for him to stay current on his monthly mortgage payments. The Debtor is concerned that, in the near future, he may suffer from a further reduction in income or possibly lose his employment which, potentially, could lead to insolvency and/or the loss of his home, Finally, the Debtor argues that this current discharge will preclude him from filing subsequent petitions if he becomes insolvent in the future.

▮▮ Thusly, the Debtor seeks relief under subsection(b)(1) and subsection (b)(6) of Rule 60(b). These two subsections are deemed mutually exclusive as subsection(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered subsections of the Rule[.]" *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 393, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993); *In re Geberegeorgis,* 310 B.R. 61, 68–69 (6th Cir.BAP2004); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). Therefore, it is necessary to analyze the Debtor's motion under both subsections.

▮▮ Subsection(b)(1) requires the movant to show that relief should be granted based on "mistake, inadvertence, surprise or excusable neglect," *Fed.R.Civ.P. Rule 60(b)(1).* Herein, the factual circumstances do not fit within the confinements of Rule 60(b)(1). The Debtor does not allege any of these elements within his Motion. In fact, he received an order of discharge based not on excusable neglect or mistake, but based on successful completion of his Chapter 13 plan. The only mistake he alleges is his attorney's inability to file the Motion for Dismissal prior to the entry of this Court's Order. The Debtor has, therefore, failed to carry his burden as to subsection (b)(1).

■ Subsection(b)(6) requires the movant to show that relief should be granted based on "any other justifiable reason." The Sixth Circuit sets forth a three part test establishing the moving party's burden under Rule 60(b) (*See, United Coin Meter Co., Inc. v. Seaboard Coastline RR,* 705 F.2d 839, 843–44 (6th Cir.1983)). This test determines the following: 1) Whether the plaintiff will be prejudiced; 2) Whether the defendant has a meritorious defense; and 3) Whether culpable conduct of the defendant led to the default. *Id.*

Herein, the Debtor has not met his burden under the Sixth Circuit's test. The discharge of the Debtor's case was not due to culpable conduct of any party in interest and denying the Motion would not be prejudicial to the Debtor. The Debtor has failed to show exceptional or extraordinary circumstances. An imprecise "possibility" of insolvency does not meet the requirements of exceptional or extraordinary. The Bankruptcy Code, pursuant to § 105, grants courts the authority to enforce equitable remedies. Notwithstanding, relief predicated on a mere possibility, as sought herein, does not mandate relief. Thusly, the Debtor has not met his burden of proof under Rule 60(b)(1) and (b)(6).

■ Finally, for relief to be granted, the movant must present some form of case or controversy. *See, U.S.C.A. Const. Art. 3, § 2, cl. 1.* For there to be a case or controversy under Article III, the dispute must be "definite and concrete, touching the legal relations of parties having legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Prasco, LLC v, Medicis Pharmaceutical Corp.,* 537 F.3d 1329, 1335–36 (Fed.Cir2008) (quoting *Aetna Life Ins. Co., v. Haworth,* 300 U.S. 227, 240–43, 57 S.Ct.

461, 81 L.Ed. 617(1937)). Although there is no bright line test for determining whether an action satisfies the case or controversy requirement, the Supreme Court developed specific overlapping doctrines. These doctrines of standing, ripeness and lack of mootness must be met for a controversy to be justiciable. *Prasco,* 537 F.3d at 1336.

As stated above, one of the fundamental principles of bankruptcy is to provide a fresh start to a honest but financially distressed debtor. *Local Loan,* 292 U.S. at 244, 54 S.Ct. 695; *In re Johnston,* 209 F.3d 611. The Debtor is not financially distressed nor does his contention of probable future insolvency present this Court with an active case or controversy. *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580–581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (Basic rationale behind ripeness doctrine is to prevent courts from prematurely adjudicating disputes premised upon contingent future events that may not occur as anticipated, or indeed may not occur at all.); *NRA of Am. v. Magaw,* 132 F.3d 272, 284 (6th Cir.1997). In other words, the issue for which the Debtor seeks relief is not yet ripe and is therefore, non-justiciable.

\* \* \* \*

Accordingly, the Debtor's Motion to Vacate is hereby denied. The Motion to Dismiss is rendered moot.

**IT IS SO ORDERED.**