**In re Chester John DLUGOPOLSKI, II, Diana Lynn Dlugopolski, Debtors.**

**Bankruptcy No. 85–21113.**

United States Bankruptcy Court, D. Kansas.

Nov. 14, 1986.

Philip R. Carson, Kansas City, Kan., for debtors.

James S. Willis, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came on for hearing pursuant to the trustee's motion for turnover of the debtor's 1985 income tax refund to the estate. The Court also considered the debtor's motion to declare the 1985 tax refund abandoned. The debtors, Chester John Dlugopolski, II. and Diana Lynn Dlugopolski, appeared through their attorney, Philip R. Carson. The trustee, James S. Willis, appeared in person.

### FINDINGS OF FACT

1. The debtors, Chester John Dlugopolski, II. and Diana Lynn Dlugopolski, filed their Chapter 7 bankruptcy petition on October 21, 1985.

2. The debtors did not list an anticipated tax refund for the year ending December 31, 1985, on their bankruptcy asset schedule. In response to a question on their Statement of Financial Affairs about anticipated tax refunds, the debtors answered "none." The debtors, however, disclosed a $2,600 tax refund for 1984 on the statement.

3. The debtors listed a 1978 Honda motorcycle on the asset schedule.

4. The trustee, James S. Willis, conducted a section 341 meeting of creditors on December 5, 1985. At the meeting, the trustee asked the debtors whether or not

they would receive a 1985 tax refund. The debtors answered that they did not know.

5. On December 16, 1985, the trustee sent a letter to the debtors' attorney, Philip R. Carson, which stated:

Pursuant to information I obtained at the 341 meeting, I am requesting that you instruct the debtors not to dispose of the 1978 Honda motorcycle without my prior authorization. I would also request that you furnish me with a copy of their 1985 income tax return when you have obtained a copy and further instruct the debtors not to spend any refund which they may be entitled to until I have made a determination whether or not I will administer this case.

6. On March 12, 1986, the trustee filed a "NOTICE OF INTENDED ABANDON-MENT; REPORT OF TRUSTEE IN NO-ASSET CASE; MOTION FOR DIS-CHARGE AS TRUSTEE," which stated:

The undersigned trustee states to the Court:

1. That the trustee has neither received nor disbursed any money or property on account of the estate named above;

2. That the trustee has examined the petition and schedules filed by the debtor(s) herein and made inquiry concerning possible assets of the estate;

3. That neither the trustee nor any other party in interest herein has timely filed an objection to the list of property claimed by the debtor(s) as exempt;

4. That any nonexempt real or personal property listed by the debtor(s) has no realizable value to the estate and is burdensome.

5. Pursuant to the order of the Court, the trustee intends to abandon such nonexempt property unless a party in interest files a timely objection; and

6. The § 341 meeting was concluded on 12/5/85.

WHEREFORE, the trustee prays for discharge as trustee in the above-captioned case.

7. On March 20, 1986, the Court discharged the debtors. The case, however, was not closed.

8. On March 21, 1986, the debtors filed their income tax returns with the state of Kansas and the United States. The returns indicated that the debtors were entitled to a $1,399.00 federal tax refund and a $520 state tax refund.

9. On May 20, 1986, the debtors' attorney, Philip R. Carson, sent the trustee copies of the 1985 tax returns. On May 21, 1986, the trustee responded, and requested that the debtors surrender the refund. Carson refused by letter of May 28, 1986.

10. On June 3, 1986, James Willis was again appointed attorney for the trustee. In addition, Willis filed a motion for turnover of property to the estate.

11. On June 3, 1986, the debtors filed a motion to declare the property abandoned.

12. The matters came for a hearing on July 23, 1986. The Court took the matters under advisement.

## ISSUES INVOLVED

1. WHETHER OR NOT THE 1985 TAX REFUND WAS ABANDONED UNDER 11 U.S.C. § 554(a) OR 11 U.S.C. § 554(c).

2. WHETHER OR NOT THE TAX REFUND SHOULD BE TURNED OVER TO THE TRUSTEE.

## CONCLUSIONS OF LAW

This Court must settle a dispute over a portion of the debtors' 1985 tax refunds: a $1,399 federal tax refund and a $520 state tax refund. The trustee, James S. Willis, filed a motion for turnover of a portion of the refunds as property of the estate. Prorating the total amount of the refund by the number of days in 1985 up to the date of filing, October 21, 1985, the trustee claims $1,554 of the refund. The debtors, Chester John Dlugopolski, II. and Diana Lynn Dlugopolski, filed a motion to declare the property as abandoned under section 554. The issue is, therefore, whether or not the trustee abandoned the refund un-

der section 554 of Title 11, United States Code.

Section 554 provides for the abandonment of property of the estate, and states:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554.

■ The trustee did not abandon the refunds under section 554(a). The trustee's "Notice of Intended Abandonment," tracking the language of the statute, stated in part:

4. That any non-exempt real or personal property *listed by the debtors* has no realizable value to the estate and is burdensome;

5. Pursuant to the order of the Court, the trustee intends to abandon *such non-exempt property* unless a party in interest files an objection;

(emphasis added)

The trustee clearly limited the intended abandonment to *"listed"* property. In this case, the debtors failed to list the 1985 tax refund on the asset schedules.

The issue now is whether the refund was abandoned by operation of law pursuant to section 554(c). The Court finds that it was not. Abandonment by operation of law

occurs "at the time of the closing of the case." *See* 11 U.S.C. § 554(c). This case has yet to be closed. Therefore, abandonment did not occur under section 554(c).

■ The Court further finds that section 554(d) controls this situation. Section 554(d) states that property that is not abandoned under section 554 remains property of the estate. Pro-rating the amount of the refund since the date of filing, the estate's portion of the refund is $1,545.72, and the debtors' portion is $373.28. *In re Rash*, 22 B.R. 323, 326 (Bankr.D.Kan.1982). The Court, therefore, finds the trustee's motion for turnover should be sustained.

IT IS THEREFORE, BY THE COURT, ORDERED AND ADJUDGED That the refund herein was not abandoned by the trustee.

IT IS FURTHER, BY THE COURT, ORDERED That the debtors, Chester John Dlugopolski, II. and Diana Lynn Dlugopolski, turn over to the trustee James S. Willis, a portion of the income tax refunds, in the amount of $1,545.72, for distribution in accordance with the Bankruptcy Code.