In re Todd Allen BAROWSKY and
Kody Sirentha Barowsky,
Debtor–Appellant,

v.

Carol SERELSON, Trustee, Appellee.

In re Gregory O'Connell ROBERSON
and Hanna Bailey Roberson,
Debtor–Appellant,

v.

Carol SERELSON, Trustee, Appellee.

Nos. C88–0368J, C88–0369B.

United States District Court,
D. Wyoming.

May 1, 1989.

Georg Jensen, Cheyenne, Wyo., for appellants.

Ken McCartney, Cheyenne, Wyo., for appellee.

## ORDER AFFIRMING
## BANKRUPTCY COURT

JOHNSON, District Judge.

THE ABOVE CAPTIONED MATTERS are consolidated appeals from separate orders entered by the bankruptcy court denying the debtors' motions for reclamation and abandonment of property. They came before this court for hearing on April 7, 1989. Although the two cases were filed as separate appeals, the court consolidated them on February 21, 1989, because they involved identical issues.

The debtors, Todd Allen Barowsky and Kody Sirentha Barowsky filed a joint Chapter 7 bankruptcy petition on July 24, 1987. On their bankruptcy assets schedule, the debtors failed to list an anticipated tax refund for the year ending December 31, 1987. On September 28, 1987, the trustee filed a "trustee's report of no distribution and abandonment" requesting that she be discharged as trustee, which stated:

> The undersigned, Carol A. Serelson, Trustee in the above estate, reports that she has neither received any property nor paid any money on account of this estate; that she has made diligent inquiry into the whereabouts of property belonging to the estate over and above that exempted by the debtor to which the trustee has no objection. Scheduled assets not claimed as exempt, if any, are found to be of inconsequential value to the creditors of the estate and are abandoned.

The bankruptcy court discharged the debtors on December 3, 1987. Some time after January 1, 1988, the debtors filed their federal income tax returns for which they were entitled to receive a refund of $1,092.74. Although the IRS originally had sent the check to the trustee, she nonetheless promptly returned it to the IRS. Because the debtors had already been discharged in bankruptcy, the trustee was not entitled to keep the check. She did, however, advise the IRS and the debtors that she intended to reopen the case to collect and distribute the refund as an asset of the bankruptcy estate.

On May 12, 1988, the trustee filed a notice to reopen the debtors' Chapter 7 case, which the bankruptcy court granted on June 17, 1988. After reopening the case, the trustee demanded that the debtors turn over to the estate the prepetition portion of their tax refund. In response to this demand, the debtors filed a motion seeking an order that the trustee had abandoned her prepetition interest in the tax refund. The bankruptcy court denied the motion and it is from that denial that the debtors now appeal.

The facts are substantially the same with respect to the debtors Gregory O'Connell Roberson and Hanna Bailey Roberson. The Robersons filed their joint Chapter 7 petition on October 2, 1987, and their case was closed as a no-asset one on February 12, 1988. The trustee, however, petitioned to reopen the case after she learned that the debtors had received a tax refund for $807.57. She seeks to have returned to the estate the prepetition portion of the debtors' tax refunds.

The issue on appeal is whether the prepetition portion of the debtors' tax refunds are property of the estate within the meaning of the Bankruptcy Code. The debtors also present an issue whether the trustee should be estopped from seeking return to the estate of the prepetition portions of the tax refunds.

The filing of a bankruptcy petition creates an estate, which becomes comprised of, among other things, all the debtor's legal or equitable interest "in property as of the commencement of the case." 11 U.S.C. § 541(a). The purpose of the statute is:

> to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end, the term "property" has been construed most generously and an interest is not outside its reach because it is novel or *contingent* or because enjoinment must be *postponed.*

*Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (emphasis added). The Bankruptcy Act seeks "to convert the estate of the bankrupt into cash and distribute among creditors and then to give the bankrupt a fresh start with such exemptions and rights as the statute left untouched." *Kokoszka v. Belford,* 417 U.S. 642, 645–46, 94 S.Ct. 2431, 2434, 41 L.Ed.2d 374 (1974) (quoting *Burlingham v. Crouse,* 228 U.S. 459, 473, 33 S.Ct. 564, 568, 57 L.Ed. 920 (1913)).

In *Kokoszka,* the Supreme Court held that a debtor's income tax refund was property of the estate. 417 U.S. at 648, 94 S.Ct. at 2435. *See also Segal* 382 U.S. 375, 86 S.Ct. 511 (business-generated loss carryback tax refund based on prebankruptcy losses but received after bankruptcy is property of the estate). Debtors, however, attempt to distinguish *Kokoszka* on two grounds. First, they argue that in *Kokoszka,* the tax refund was property of the estate only because both the bankruptcy petition and the income tax return were filed *after* the taxable fiscal year at issue had passed. According to the debtors, their 1987 income tax refunds are not property of the estate because they filed their petitions before the end of that taxable fiscal year. Under these circumstances, presumably the tax refunds are not property of the estate because the debtors' right to them came into existence after the fiscal year in which they filed their returns. The argument, however, ignores the reasoning underlying the Supreme Court's decision in *Kokoszka.* In reaching its holding, the court noted that because "a 'tax refund is not the weekly or other periodic income required by a wage earner for his basic

support, to deprive him of it will not hinder his ability to make a *fresh* start unhampered the pressure of preexisting debt. . . .'" 417 U.S. at 648, 94 S.Ct. at 2435 (quoting *Kokoszka v. Belford,* 479 F.2d 990 995 (2d Cir.1973)). Thus because a tax refund is sufficiently rooted in the prebankruptcy past that portion to which the petitioner becomes entitled upon filing his petition is property of the estate as defined by 11 U.S.C. § 541(a).

Debtors next argue that because *Kokoszka* and *Segal* are prebankruptcy reform act cases, they no longer apply because the Bankruptcy Reform Act somehow narrowed the definition of property of the estate. The court disagrees. That section broadly defines property and has been construed to include prepetition portions of tax refunds. 11 U.S.C. § 541(a). *See In re Dlugopolski,* 67 B.R. 122 (Bankr.D.Kan. 1986) (debtors required to turn over to trustee that portion of their tax refund attributable to the period between the beginning of the tax year and the filing of their petition).

■ The debtors next argue that the trustee is not entitled to a turnover of the prepetition portion of their tax refunds because presumably they were abandoned by the trustee in her report of no distribution and abandonment. Under the Bankruptcy Code, the trustee may abandon any property that is of inconsequential value and benefit to the estate or burdensome to it. 11 U.S.C. § 554(a). In her report of no distribution and abandonment, the trustee did not abandon the tax refunds because she limited her abandonment to "scheduled property." Here, the debtors failed to list their anticipated tax refunds on their bankruptcy asset schedule and therefore they are not scheduled property abandoned by the trustee.

■ Finally, the debtors argue that the trustee should be estopped from seeking turnover of the debtors' prepetition portion of their refunds. Upon receiving the checks from the IRS, the trustee promptly returned them because the debtors' cases had been closed. After the IRS received the checks from the trustee, it sent them to the debtors with a letter informing them that the trustee claimed no interest in the checks. Based on the letter from the IRS, the debtors cashed the checks and spent the money. The facts indicate that upon receiving the checks, the trustee immediately informed the debtors that although she returned the checks to the IRS, she was nevertheless making claim to the checks and that she would reopen their cases for that purpose. To prevail on an estoppel claim, a party "must have relied on its adversary's conduct 'in such a manner as to change his position for the worse' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler v. Community Health Services of Crawford,* 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984) (citing 3 J. Pomeroy, Equity Jurisprudence § 805 (S. Symons ed. 1941)). Here the debtors changed their positions because of actions on the part of the IRS, not the trustee. Further, the trustee's letter to them clearly informed the plaintiffs that she was making claim to the checks and that she would reopen their cases for that purpose. The debtors therefore are not entitled to rely on estoppel to prevent the estate from claiming the prepetition portions of their tax refund checks.

NOW THEREFORE IT IS ORDERED that the Orders of the Bankruptcy Court be AFFIRMED and that the bankruptcy estates be entitled to receive the prepetition portion of each of the debtors' tax refunds for the tax year of 1987.