946 F.2d 1516
 60 USLW 2343, 22 Bankr.Ct.Dec. 345, Bankr.
L. Rep. P 74,306
 In re Todd Allen BAROWSKY; Kody Sirentha Barowsky; Gregory
O'Connell Roberson; Hanna Bailey Roberson, Debtors.
Todd Allen BAROWSKY; Kody Sirentha Barowsky; Gregory
O'Connell Roberson; Hanna Bailey Roberson, Appellants,
v.
Carol SERELSON, Trustee, Appellee.
 No. 89-8047.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 24, 1991.
 
 Georg Jensen, Cheyenne, Wyo., for debtors-appellants.
 Daniel L. Gibbs, Cheyenne, Wyo., for trustee-appellee.
 Before SEYMOUR, BALDOCK, and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 The issue we decide is whether the pre-petition portion of a debtor's tax refund is property of the bankruptcy estate when the relevant tax year did not end until after the petition in bankruptcy was filed. The bankruptcy and district courts below held that it is. We affirm.
 
 FACTS
 
 2
 Two cases have been consolidated for this appeal. In both cases the debtors claim they are entitled to the entire tax refund for the tax year ending after the bankruptcy petition was filed. The bankruptcy trustee, in each case, claimed for the bankruptcy estate that portion of the tax refund attributed to the period from the beginning of the tax year in question to the filing of the petition.
 
 
 3
 Todd Allen Barowsky and Kody Sirentha Barowsky filed a joint Chapter 7 bankruptcy petition on July 24, 1987. On December 3, 1987, the bankruptcy court discharged the debtors upon a stipulation from the trustee that it was a no-asset estate. In early 1988, the Barowskys filed their federal income tax returns for the calendar year, 1987. The Barowskys were entitled to a refund of $1,092.74, which was sent by the IRS to the trustee. Because the Barowskys had already been discharged, the trustee returned the check to the IRS, but she notified both the IRS and the Barowskys that she intended to reopen the case to collect and distribute the refund check. As the trustee was unwilling to accept the refund check, the IRS delivered the check to the Barowskys.
 
 
 4
 On June 17, 1988, the trustee reopened the bankruptcy case and demanded that the Barowskys turn over that portion of the refund attributable to the pre-petition of the Barowskys' tax year. The Barowskys refused and filed a motion in the bankruptcy court to establish their interest in the entire refund. The bankruptcy court denied the motion, and the Barowskys appealed to the United States District Court for the District of Wyoming. The Barowskys argued that the refund did not constitute property of their estate and that, therefore, they were entitled to the entire refund. The district court rejected their argument and held that the portion of the refund attributable to the pre-petition portion was indeed part of the bankruptcy estate. 102 B.R. 250.
 
 
 5
 The facts pertaining to the Robersons claims are similar. The Robersons filed their joint Chapter 7 petition on October 2, 1987. The Robersons were discharged in bankruptcy on February 12, 1988 as another no-asset estate. The trustee reopened their case after she learned that they had received an $807.57 refund, part of which was attributable to pre-petition earnings. The Robersons made the same arguments as were made by the Barowskys, with similar results.
 
 DISCUSSION
 
 6
 The Supreme Court has long since decided that an income tax refund can be property of a bankruptcy estate. Kokoszka v. Belford, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974). See also Segal v. Rochelle, 382 U.S. 375, 381, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (holding that a loss-carryback refund constitutes property of the estate). In Kokoszka, the debtor filed for bankruptcy on January 5, 1972. In February of 1972, the debtor filed his income tax return for the 1971 calendar year. Several weeks later, he received a refund check from the IRS. The trustee requested the bankruptcy court to order the debtor to tender the refund check to the trustee. The bankruptcy court agreed and entered the order. The debtor complied with the order and then petitioned for review with the district court. The district court affirmed the bankruptcy court's ruling and was affirmed on appeal by both the United States Court of Appeals for the Second Circuit and the United States Supreme Court. Kokoszka, 417 U.S. at 644-45, 94 S.Ct. at 2433.
 
 
 7
 In that case, the Supreme Court had to determine whether the refund was "property" within the meaning of section 70(a)(5) of the Bankruptcy Act. The Court held that the refund was " 'sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as "property"....' " Kokoszka, 417 U.S. at 647, 94 S.Ct. at 2434 (quoting Segal, 382 U.S. at 380, 86 S.Ct. at 515).
 
 
 8
 The debtors claim that Kokoszka is inapplicable to this case for two reasons. First, they contend that Kokoszka is distinguishable because there the entire tax year had been completed before the bankruptcy petition was filed. They contrast that situation to the instant case, where a portion of the refund is attributable to that part of the tax year that continued after the bankruptcy petition was filed (after July 24, 1987 for the Barowskys and after October 2, 1987 for the Robersons). Second, the debtors contend that when Congress enacted the Bankruptcy Act of 1978, it altered the meaning of the term "property" as it was defined in the old Bankruptcy Act, and because the Kokoszka holding was based upon the old definition of property, it no longer has any precedential value. We find no merit in either of these arguments.
 
 
 9
 The debtors correctly point out that the refund in Kokoszka was based entirely upon a tax year that had been closed before the petition in bankruptcy was filed. However, we are not persuaded that this difference renders Kokoszka inapplicable. Here, the district court prorated the tax refund between that pre-petition and post-petition portion of the tax year. In Segal, the Supreme Court anticipated this very approach and suggested, in dicta, that if the refund for a tax year was increased because of losses incurred after the filing of the bankruptcy petition, then the court should consider a proration of the refund between the pre-petition and post-petition portions of the tax year at issue. Segal, 382 U.S. at 380 n. 5, 86 S.Ct. at 515 n. 5.
 
 
 10
 The debtors fail to advance a persuasive argument as to why the analysis of Kokoszka should not apply to the instant case. The portion of the tax refund attributable to the pre-petition portion of the taxable year "is not the weekly or other periodic income required by a wage earner for his basic support ... [and] to deprive him of it will not hinder his ability to make a fresh start unhampered by the pressure of preexisting debt." Kokoszka, 417 U.S. at 648, 94 S.Ct. at 2435 (quotation omitted). In these cases, the pre-petition portion of the refund essentially represents excessive tax withholding which would have been other assets of the bankruptcy estate if the excessive withholdings had not been made.
 
 
 11
 Every court that has considered this issue has held that the portion of an income tax refund that is based upon the pre-petition portion of a taxable year constitutes property of the bankruptcy estate. See In re Orndoff, 100 B.R. 516, 518 (Bankr.E.D.Cal.1989); In re Smith, 77 B.R. 633, 635 (Bankr.N.D.Ohio, 1987); In re Shults, 28 B.R. 395, 397 (Bankr. 9th Cir.1983); In re Edmonds, 27 B.R. 468, 469 (Bankr.M.D.Tenn.1983); In re Verill, 17 B.R. 652, 654 (Bankr.D.Md.1982); In re Thomas, 14 B.R. 759, 764 (Bankr.E.D.Mich.1981); In re Koch, 14 B.R. 64, 66 (Bankr.D.Kan.1981); In re Griffin, 1 B.R. 653, 654 (Bankr.M.D.Tenn.1979).[1] Although the debtors
 
 
 12
 would have ... [this] Court place significance upon the distinction that the refund in question here was earned during the calendar year in which the petition was filed, rather than during the preceding year as was the case in Kokoszka [, n]othing in the Supreme Court's rationale supports the conclusion that such a distinction would dictate a contrary result.... The critical conclusion was that a tax refund is property....
 
 
 13
 In re Verill, 17 B.R. at 655 (citation omitted).
 
 
 14
 The second argument advanced by the debtors is that the holding of Kokoszka was tied to the statutory definition of property then in effect, and that when Congress enacted the Bankruptcy Act in 1978, Pub.L. No. 95-598, 92 Stat. 2549 (codified as amended in scattered sections of 11 U.S.C.), its intent was to undermine the legal basis of Kokoszka. Not only have the debtors failed to introduce any evidence supporting this theory, but indeed the relevant legislative history suggests just the contrary.
 
 
 15
 Section 70(a)(5) of the Bankruptcy Act interpreted in Kokoszka provided that the definition of property "includ[ed] rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered." 11 U.S.C. § 110(a)(5)(1970). The Court analyzed the policy behind the Bankruptcy Act in order to determine whether an income tax refund constituted property of the estate. In doing so, the Court turned back to its earlier holding in Segal v. Rochelle where it said,
 
 
 16
 The main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term "property" has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.
 
 
 17
 Kokoszka, 417 U.S. at 645-46, 94 S.Ct. at 2434 (quoting Segal, 382 U.S. at 379, 86 S.Ct. at 515).
 
 
 18
 When Congress enacted section 541 of the Bankruptcy Act of 1978,[2] it affirmatively adopted the Supreme Court's analysis of property that was contained in Segal:
 
 
 19
 [T]he estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property currently specified in section 70a of the Bankruptcy Act.... The result of Segal v. Rochelle, 382 U.S. 375 [86 S.Ct. 511, 15 L.Ed.2d 428] (1966), is followed, and the right to a refund is property of the estate.
 
 
 20
 S.Rep. No. 989, 95th Cong., 2d Sess. 82, reprinted in 1978 U.S.C.C.A.N. 5787, 5868; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367, reprinted in 1978 U.S.C.C.A.N. 5963, 6323 (footnote omitted) (emphasis added). It is clear that Kokoszka's precedential value was not undermined, but was in fact strengthened, when Congress enacted the Bankruptcy Act of 1978 and specifically adopted the holding of Segal, upon which Kokoszka relied.
 
 CONCLUSION
 
 21
 We reject appellants' claim that the district court erred in affirming the bankruptcy court's determination that the portion of the appellants' income tax refund attributable to the pre-petition portion of the taxable year in question constitutes property of the bankruptcy estate. Therefore, the district court's opinion is AFFIRMED in all regards.
 
 
 
 [1]
 We note that the debtors have not contested the method employed by the bankruptcy court to apportion their refunds. Therefore we need not review the bankruptcy court's use of a pro rata formula
 
 
 [2]
 Section 541 provides: "[The] estate is comprised of all the following property, wherever located ... [including] all legal or equitable interests of the debtor in property as of the commencement of the case." Bankruptcy Act of 1978, § 541(a)(1), Pub.L. No. 95-598, 92 Stat. 2549, 2594 (codified at 11 U.S.C. § 541(a)(1) (1988))