# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2217

_____

| | | |
|---|---|---|
| In re: Charles Benn, Jr., | * | |
| | * | |
| Debtor, | * | |
| | * | |
| _____ | * | |
| | * | |
| Charles Benn, Jr., | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| James S. Cole, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| _____ | * | Bankruptcy Appellate Panel |
| | * | for the Eighth Circuit. |
| Steven Mohrhard, Jennifer Mohrhard, | * | |
| | * | |
| Debtors, | * | |
| | * | |
| Steven Mohrhard, Jennifer Mohrhard, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| James S. Cole, | * | |
| | * | |
| Appellant, | * | |
| _____ | * | |
| | * | |
| John Cruciani, Patricia Brown, Kevin | * | |

Checkett, Fredrich J. Cruse, Jerald          *
Enslein, Janice A. Harder, George            *
Johnson, Jere Loyd, Dan Nelson,              *
Aunna L. Peoples,  Robert A. Pummill,        *
John Reed, Norman E. Rouse,                  *
Maureen Scully,  Janice Stanton,             *
David C. Stover, Bruce Strauss,              *
Thomas J. O'Neal, Robert J. Blackwell,       *
Thomas Dewoskin, Chapter 7 Trustees,         *
National Association of Bankruptcy           *
Trustees,                                    *
                                             *
     Amici on behalf of Appellant.           *

_____

Submitted: October 19, 2006
Filed: July 10, 2007

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In these consolidated cases, a bankruptcy trustee appeals a decision of the Bankruptcy Appellate Panel ("BAP") that Missouri law exempts tax refunds from a debtor's bankruptcy estate.  Because we conclude that the relevant law, section 513.427 of the Missouri Revised Statutes, is not an exemption statute and there is no exemption for tax refunds under state law or applicable federal law, we reverse the decision of the BAP and affirm the decision of the bankruptcy court.

On November 14, 2003, Steven and Jennifer Mohrhard filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri.  On December 31, 2003, Charles Benn, Jr. filed a

-2-

petition under Chapter 7 of the Bankruptcy Code in the same court. The Mohrhards and Benn ("Debtors") claimed that their state and federal income tax refunds were exempt from the bankruptcy estates, while James S. Cole, the Trustee in both cases, asserted that the refund amounts were part of the estates to be distributed by him. In both cases, the bankruptcy court ordered that, to the extent the refunds were based on money accumulated prior to the filings for bankruptcy, the funds should be turned over to the Trustee. The Debtors appealed to the BAP, which reversed the bankruptcy court. In a fragmented decision, with each of the three judges writing separately and no single rationale prevailing, the BAP held that tax refunds are exempt from the debtor's estate under section 513.427. This consolidated appeal followed.

The issue presented is one of statutory interpretation: Whether Missouri law, and in particular section 513.427, permits a debtor to exempt tax refunds from the debtor's bankruptcy estate. We review the bankruptcy court's conclusions of law *de novo*. *Moon v. Anderson* (*In re Hixon*), 387 F.3d 695, 700 (8th Cir. 2004).

Under the provisions of the federal Bankruptcy Code, when a debtor files for bankruptcy, an estate is created. 11 U.S.C. § 541(a). Generally speaking, this estate is comprised of all legal or equitable interests of the debtor in property. *Id*. A debtor's anticipated tax refund, to the extent it is attributable to events occurring prior to the filing of the petition for bankruptcy, is part of the bankruptcy estate. *See Barowsky v. Serelson* (*In re Barowsky*), 946 F.2d 1516, 1517-18 (10th Cir. 1991).

The Code then allows a debtor to "exempt" certain property from the estate and retain it for the purpose of making a "fresh start" after the bankruptcy proceeding is concluded. *See* 14 *Collier on Bankruptcy* Intro-2 (15th ed. rev. 2006). Exempt property is excluded from property of the estate available to satisfy debts.

Section 522(d) of the Code sets forth a list of property that may be exempted by the Chapter 7 debtor. "The general rule under the Bankruptcy Code is that a debtor

is permitted to choose between the scheme of federal exemptions prescribed in section 522(d) of the Code or the exemptions available under other federal law and the law of the state in which the debtor is domiciled." *Id.* A State, however, may "opt out" of the federal Bankruptcy Code exemptions set forth in § 522(d). 11 U.S.C. § 522(b)(2). In that case, the debtor may exempt only property that is exempt under federal law other than § 522(d), or state or local law that is applicable as of the date of the bankruptcy filing. *Id.*; *see Owen v. Owen*, 500 U.S. 305, 308 (1991). Missouri has joined thirty-four other States in opting out of the Code's exemptions.

Section 513.427 of the Missouri Revised Statutes provides:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

Through enactment of this statute, which is entitled "Bankruptcy, exemptions allowed," Missouri has chosen to opt out of § 522(d)'s exemptions, "thereby restricting Missouri residents to the exemptions available under Missouri law and under federal statutes other than 11 U.S.C. § 522(d)." *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631 n.1 (8th Cir. 1991); *see also Garner v. Strauss (In re Garner)*, 952 F.2d 232, 234 (8th Cir. 1991). Several Missouri statutes other than section 513.427 set forth specific exemptions available to a debtor in bankruptcy. *See, e.g.,* Mo. Rev. Stat. §§ 513.430, 513.440, 513.475.

The Debtors argue that section 513.427 is not merely an "opt-out" statute, but that it also defines additional forms of property that a debtor may exempt from his estate in bankruptcy. Focusing on the clause providing that a debtor shall be permitted to exempt "any property that is exempt from attachment and execution

under the law of the state of Missouri," Debtors contend that under the "plain language" of the statute, any property that is *not subject to* attachment and execution under Missouri law is exempt from the estate. The Debtors argue that because tax refunds still in the custody of the government are not subject to attachment or execution, these refunds are exempt property that is excluded from the estate and unavailable to the Trustee.

Even taking the quoted clause standing alone, we think the Debtors' interpretation is unlikely to be correct. "Exemption" is a term of art in bankruptcy, and we agree with the dissenting judge of the BAP that "[w]hile exemption may mean different things in different contexts, in the context of [11 U.S.C.] § 522, it refers to laws enacted by the legislative branch which explicitly identify property [that] judgment-debtors can keep away from creditors for reasons of public policy." *Benn v. Cole* (*In re Benn*), 340 B.R. 905, 914 (8th Cir. BAP 2006) (Kressel, J., dissenting). On this understanding of the term "exempt," section 513.427 opts out of the federal exemptions listed in 11 U.S.C. § 522(d), but announces no new exemptions under Missouri law. The statute simply provides that where another Missouri statute specifies that certain property is exempt from attachment and execution, then a debtor may exempt that property from the bankruptcy estate. Section 513.430, for example, lists certain property that "shall be exempt from attachment and execution," but does not provide that a debtor may exempt this property from the bankruptcy estate. That task is accomplished by section 513.427, which explains that the items declared exempt from attachment and execution by section 513.430 (or another exemption statute) are exempted from the property of the estate.

Textual analysis, of course, involves more than consideration of statutory terms in isolation. *See State v. Johnson*, 148 S.W.3d 338, 343 (Mo. Ct. App. 2004). When the analysis of section 513.427 is expanded to consider the text and structure of the statute as a whole, and its relationship to other provisions of the Missouri statutes, it is clear that the Debtors' interpretation must be rejected. The operative clause of

section 513.427 is phrased in the disjunctive. It states that a debtor may exempt from the bankruptcy estate any property "that is exempt from attachment and execution under the law of the state of Missouri *or* under federal law, other than Title 11, United States Code, Section 522(d)." Debtors' interpretation substitutes the phrase "not subject to" for "exempt," thus resulting in two disjunctive clauses as follows: A debtor may exempt any property (1) "that is [not subject to] attachment and execution under the law of the state of Missouri," or (2) "that is [not subject to] attachment and execution . . . under federal law, other than Title 11, United States Code, Section 522(d)."

The second disjunctive clause demonstrates that the legislature did not equate the term "exempt" with "not subject to," but rather used the term "exempt" to refer to specific legislative exemptions. The reference to 11 U.S.C. § 522(d) is telling. On Debtors' view, the statute is describing property that is "not subject to" attachment and execution under a federal law *other than* § 522(d). But it would make no sense for section 513.427 to speak of property that is "[not subject to] attachment and execution under . . . § 522(d)," because § 522(d) is not a statute that makes property subject to attachment and execution. Section 522(d) is a statute that lists property that may be exempted from the bankruptcy estate. It is evident, therefore, that when the Missouri legislature spoke of property that is "exempt from attachment and execution," it meant property that was specifically declared exempt by another Missouri statute or a federal statute other than § 522(d).

The interplay between section 513.427 and the principal Missouri exemption statute also supports this conclusion. Section 513.430 sets forth a list of property that shall be "exempt from attachment and execution," including a debtor's interest in a retirement plan or profit-sharing plan that is qualified under relevant provisions of the Internal Revenue Code. Mo. Rev. Stat. § 513.430(10)(f). It is well established, however, that a debtor's interest in a qualified retirement plan is not subject to attachment or execution under state law, 29 U.S.C. § 1056(d)(1); *Guidry v. Sheet*

*Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371-72 (1990), and there would be no need for this statutory exemption if the Missouri legislature, through section 513.427, exempted from a bankruptcy estate all property that is "not subject to" attachment and execution. The relationship of these statutes thus provides further reason to believe that section 513.427 is an opt-out statute, and that the statute's reference to property "exempt from attachment and execution" under Missouri law means property that is declared exempt in one of the Missouri exemption statutes, such as section 513.430.

Our conclusion that section 513.427 is not an exemption statute has the salutary effect of avoiding other anomalies as well. As a practical matter, Debtors' interpretation would exempt from the bankruptcy estate a debtor's property in partnerships, limited partnerships, and limited liability companies, even though the Missouri legislature has provided a means for creditors *outside* bankruptcy to seize this property. Missouri law allows creditors to access these assets through "charging orders," *see* Mo. Rev. Stat. §§ 347.119, 358.280, 359.421, but not through writs of attachment or execution, *Wills v. Wills*, 750 S.W.2d 567, 574 (Mo. Ct. App. 1988), so Debtors' view of the statute would make this property exempt. Likewise, the Debtors' "plain language" approach, taken to its logical conclusion, would exclude many causes of action from a bankruptcy estate, because a cause of action is subject only to a creditor's bill, not a writ of attachment or execution. *Cf. Scarlett v. Barnes*, 121 B.R. 578, 580 (W.D. Mo. 1990) (stating that "it appears certain" that Missouri would hold that "a claim for cause of action for unliquidated damages is not subject to traditional attachment and execution," but then concluding that "attachment or execution" in section 513.427 extends beyond "attachment and execution" to include a creditor's bill). Debtors' view could even mean that property owned by a debtor, but located in a State other than Missouri, would be exempt from the bankruptcy estate, because it is not subject to attachment or execution under Missouri law. *In re Benn*, 340 B.R. at 915 (Kressel, J., dissenting). Our recognition that the Missouri legislature did not exempt tax refunds from the bankruptcy estate also "operates as a

deterrent to devious debtors who would attempt to put their income beyond the reach of most creditors by increasing their withholdings, in hopes of receiving their tax refund post-petition and emerging from bankruptcy with a hefty supply of cash." *Davis v. Robinson* (*In re Robinson*), 152 B.R. 956, 959-60 (Bankr. E.D. Mo. 1993).

Debtors suggest that the Missouri legislature would not have enacted section 513.427 purely as an opt-out statute, because it would have the effect of including some non-attachable assets in the bankruptcy estate, and thus granting the bankruptcy trustee access to property that is not accessible to creditors outside bankruptcy. Aside from the textual difficulties with Debtors' position, we do not think it unreasonable to expect that the Missouri legislature might grant powers or remedies to a bankruptcy trustee that are unavailable to a non-bankruptcy creditor. As the Trustee points out, it is "a basic quid pro quo of bankruptcy" that "debtors receive extraordinary relief that is unavailable outside of bankruptcy by obtaining a bankruptcy discharge, and bankruptcy trustees have powers that are unavailable to creditors outside of bankruptcy in order to provide the body of creditors as a whole a chance at some recovery." (Appellant's Reply Br. 7). That common law remedies available to a non-bankruptcy creditor would not reach certain property interests of the debtor does not inexorably lead to the conclusion that the legislature would elect as a matter of policy to create an exemption that excludes that property from the bankruptcy estate. *See Howe v. Richardson*, 193 F.3d 60, 62 (1st Cir. 1999).

In summary, the Debtors' anticipated tax refunds, to the extent they are attributable to events occurring prior to the filing of the petition for bankruptcy, are part of the bankruptcy estate. Section 513.427 does not create an exemption for tax refunds, and no other Missouri statute or non-bankruptcy federal exemption statute

-8-

permits a debtor to exempt tax refunds from the bankruptcy estate. Accordingly, the bankruptcy court properly ordered the refunds turned over to the Trustee.[1]

For the foregoing reasons, we reverse the decision of the BAP and affirm the decisions of the United States Bankruptcy Court.

_____

[1]The Internal Revenue Service has specific procedures for turning tax refunds over to trustees. "A Chapter 7 debtor's right to a refund . . . is considered property of the bankruptcy estate to the extent the refund is attributable to prepetition events. As such they are subject to turnover to the Chapter 7 trustee even though the debtor may be in full tax compliance." Internal Revenue Manual § 5.9.6.1.3. The IRS has an agreement with the Executive Office of the United States Trustees regarding how refunds are to be transferred to trustees. *Id.*