In re Janerae F. SMITH, Debtor.

Janerae F. Smith, Appellant,

v.

R. Kimball Mosier, Trustee, Appellee.

BAP No. 07–065.
Bankruptcy No. 06–24973.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Feb. 24, 2009.

Submitted on the briefs: *

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed.

David L. Miller, Layton, UT, for Appellant.

R. Kimball Mosier, pro se.

Before McFEELEY, NUGENT, and McNIFF, Bankruptcy Judges.

McFEELEY, Bankruptcy Judge.

Debtor/Appellant Janerae F. Smith appeals from the bankruptcy court's Order Disallowing Debtor's Claimed Exemption in Tax Refunds ("Order") entered May 14, 2007. In disallowing Smith's claimed exemption, the bankruptcy court concluded that certain tax refunds representing excess withholding from distributions of otherwise exempt income could not be traced as proceeds from an exempt fund under Utah Code Ann. § 78B–5–507 (2008).[1]

At the time of this appeal, there was no controlling precedent in the appellate courts of the State of Utah on the issue of whether pursuant to Utah Code Ann. § 78B–5–507 (2008) monies refunded to a taxpayer as overpayment of taxes are exempt when monies with which the tax deposit was made were exempt. This Court, on its own motion and in accordance with Utah Rule of Appellate Procedure 41, certified that question to the Utah Supreme Court. The Utah Supreme Court consented to answer the certified question, and on January 23, 2009 issued its opinion holding

that "in the case of exempt retirement income, refunds from the overpayment of taxes remain exempt because the recordation of taxes and refunds is a reasonable method of tracing."[2] Accordingly, we now REVERSE.

## I. JURISDICTION

We have jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the District of Utah. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e). An order is considered final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[3] The bankruptcy court's Order which disallowed Appellant's claimed exemption is a final order subject to appeal under 28 U.S.C. § 158(a)(1).[4] The appeal, filed within ten days of the date the Order was entered, was timely filed.[5]

## II. FACTS

The facts underlying the question of law on appeal are undisputed. Debtor/Appel-

R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. At the time of the appeal, the statute at issue was codified at Utah Code Ann. § 78–23–9 (1953). The Utah Exemption Act was recodified in 2008 as Utah Code sections 78B–5–501 to –513. Because no substantive changes were made to the Utah Exemption Act, we cite the most recent version. The statute at issue is now codified at Utah Code Ann. 78B–5–507 (2008).

2. *In re Smith*, 201 P.3d 1001 1002–03 (Utah 2009).

3. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (internal quotation marks omitted).

4. *See In re Duncan*, 294 B.R. 339, 341–342 (10th Cir. BAP 2003) (citing *In re Zibman*, 268 F.3d 298, 301 (5th Cir.2001)) ("An order that grants or denies an exemption is a final order for purposes of appeal.").

5. *See* Fed. R. Bankr.P. 8002 ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."). The Order was entered on May 14, 2007. The notice of appeal was filed on May 22, 2007.

lant Janerae F. Smith's only source of income was distributions from social security and qualified pension plans in the approximate amount of $50,031.00. Smith filed a case under Chapter 7 of the Bankruptcy Code on December 22, 2006, and Appellee, R. Kimball Mosier, was appointed as the Chapter 7 Trustee ("Trustee").

Smith's income tax liability for 2006 was $3,746.00. However, $7,058.00 was withheld from the exempt income she received, and these monies were deposited with the tax authorities. When filing her tax returns, Smith discovered that she had overpaid her taxes and was entitled to a $3,312.00 refund. She therefore filed an Amended Schedule C in her bankruptcy case, simultaneously claiming that the excess taxes she paid were exempt under Utah Code Ann. 78B5–505(1)(a)(xiv) (2008). The Trustee objected to Smith's claimed exemption in her tax refund, and the bankruptcy court sustained the objection, finding that the monies deposited with the tax authorities were not traceable.

## III. DISCUSSION

■■■ Utah has opted out of the federal exemption scheme provided in 11 U.S.C. § 522(d).[6] In analyzing the issue of whether overpayment of taxes representing otherwise exempt funds remain exempt upon refund, the Utah Supreme Court recognized that, as a general rule, tax refunds are not exempt from a debtor's bankruptcy estate.[7] In this case, it is undisputed that the retirement income from which Smith's taxes were withheld was exempt under Utah law.[8] Utah's exemption statutes provide that certain classes of exempt property, including the retirement income at issue here, "remains exempt ... in any other form into which it is traceable"[9] and recognize further that exempt property retains its exempt character if the property can be traced by "any other reasonable basis for tracing selected by the individual."[10]

■■■ The Utah Supreme Court reasoned that by filling out tax forms for withholding of taxes and filling out forms to request a tax refund, the exempt funds can be reasonably traced since the amounts paid and received have been tracked throughout the process.[11] "Thus, even though Ms. Smith's exempt retirement income may have been converted into taxes and then into a tax refund before being returned to her, it was reasonably traceable through the entire process and remains exempt [under the applicable Utah exemption statutes]."[12] We agree that this result comports with the policy of construing exemption statutes liberally in favor of the

---

**6.** Utah Code Ann. § 78B–5–513 (2008) ("No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in Subsection (d) of Section 522 of the Bankruptcy Reform Act (Public Law 95–598), except as expressly permitted under this part." (footnote omitted)).

**7.** *See Kokoszka v. Belford,* 417 U.S. 642, 652, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (holding that a tax refund is property that passes to the bankruptcy trustee as property of the bankruptcy estate under the Bankruptcy Act); *In re Miles,* 153 B.R. 72, 73 (Bankr.N.D.Okla. 1993) (citing *Kokoszka,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 and *In re Barowsky,* 946

F.2d 1516 (10th Cir.1991)) (noting that "[i]t is well-settled that income tax refunds are property of the bankruptcy estate that shall be turned over to the Trustee.").

**8.** *See* Utah Code Ann. § 78B–5–505(1)(a)(xiv) (2008).

**9.** Utah Code Ann. § 78B–5–507(2) (2008).

**10.** Utah Code Ann. § 78B–5–507(3)(b) (2008).

**11.** *In re Smith,* 201 P.3d 1001, 1003 (Utah 2009).

**12.** *Id.* at 1003–04.

debtor as articulated by Utah bankruptcy courts and state courts alike.[13]

## IV. CONCLUSION

Therefore, in accordance with the conclusion reached by the Supreme Court of the State Utah in interpreting its state exemption statute, we REVERSE.

---

13. *See, e.g., Russell M. Miller Co. v. Givan,* 7 Utah 2d 380, 325 P.2d 908, 909–10 (1958) (stating that exemption statutes are construed "liberally ... in favor of the debtor to protect him and his family from hardship."); *In re Godfrey,* 386 B.R. 339, 341 (Bankr.D.Utah 2008) ("[A]s a general proposition, exemption laws must be liberally construed in favor of the claimant to effect their humanitarian purposes."); *In re Neiheisel,* 32 B.R. 146, 167–68 (Bankr.D.Utah 1983) (acknowledging that "[w]hen a Utah statute grants an exemption, the Utah Supreme Court has consistently applied a liberal construction in favor of debtors....").